IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| VLADIMIR GUSINKSY REVOCABLE TRUST, derivatively and on behalf of WALGREENS BOOTS ALLIANCE, INC., <br><br>Plaintiff,<br><br>vs.<br><br>STEFANO PESSINA, et al.,<br><br>Defendants. | ) CASE NO. 1:22-CV-01717 <br> ) <br> ) JUDGE CHARLES E. FLEMING <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **MEMORANDUM OPINION AND** <br> ) **ORDER** |

Before the Court is a Motion to Dismiss for Improper Venue Under the Doctrine of *Forum Non Conveniens* and Fed. R. Civ. P. 12(b)(3) filed by Defendants Stefano Pessina, José E. Almeida, Janice M. Babiak, David J. Brailer, William C. Foote, Ginger L. Graham, John A. Lederer, Dominic Murphy, Leonard D. Schaeffer, Nancy M. Schlichting, James A. Skinner (the "Director Defendants"), and Nominal Defendant Walgreens Boots Alliance, Inc. ("WBA" and collectively the "Defendants"). (ECF No. 10). Plaintiff Vladimir Gusinsky Revocable Trust (the "Trust") argues that venue is proper in the Northern District of Ohio because Defendants previously sought to centralize a related matter—the opioid multi-district litigation in which Walgreens has been named as a defendant for its role in allegedly perpetuating the opioid epidemic—in this district. (ECF No. 13). Defendants filed a Reply Brief in support of their argument in favor or dismissal, explaining *inter alia* that the Trust failed to show that a substantial part of the events giving rise to this action occurred in this district, as required by 28 U.S.C. § 1391, and therefore dismissal is appropriate under the Federal Rules.

For the foregoing reasons, the Court finds that venue is improper in the Northern District of Ohio. Since neither party has advocated for transfer of venue, Defendants' Motion is

1

**GRANTED** and this action is **DISMISSED WITHOUT PREJUDICE** to its refiling in a proper district.

## I.       FACTUAL BACKGROUND

This is a stockholder derivative action filed against WBA's Board of Directors alleging that Director Defendants damaged WBA by making business decisions that perpetuated the opioid epidemic, eventually leading to over $1 billion in judgments rendered against WBA in courts in Florida, California, and Ohio.  (ECF No. 1, Compl.).  The Trust alleges that Director Defendants injured WBA by breaching their fiduciary duties as directors, unjustly enriching themselves to WBA's detriment, and violating Section 14A of the Securities Act of 1934.  (ECF No. 1, PageID# 54–56).  In summary, the Trust alleges that the Director Defendants engaged in corporate activities that caused WBA to contribute to the opioid epidemic in ways that ultimately damaged WBA and its stockholders.  (*see generally* ECF No. 1).

One product of Director Defendants' alleged misconduct is a $650 million judgment rendered against WBA in *In re: Nat'l Prescription Opiate Litig.*, No. 17-md-2804 (N.D. Ohio Aug. 17, 2022) (hereinafter "Opioid MDL") for its role in perpetuating the opioid epidemic in Lake and Trumbull Counties in Ohio. The Opioid MDL was filed to recover the costs that the opioid epidemic levied upon local governments, and it is centralized in this judicial district before the Honorable Dan Polster.

## II.      MOTION STANDARD

Defendants have asked the Court to dismiss this case due to improper venue for two reasons: (1) a forum selection clause in WBA's bylaws that requires shareholder derivative suits to be filed in either the Delaware Court of Chancery or the Delaware District Court; and (2) the Trust hasn't shown that a substantial part of the events giving rise to this action occurred in this

District as required by 28 U.S.C. § 1391(b), requiring dismissal under Fed. R. Civ. P. 12(b)(3). (ECF No. 10).

As an initial matter, the forum-selection clause in WBA's bylaws does not render venue "wrong" or "improper" as a matter of law. *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 57 (2013). *See Wong v. PartyGaming Ltd.*, 589 F.3d 821, 830 (6th Cir. 2009) (explaining that forum selection clauses "do not deprive the court of proper venue"). While dismissal may be appropriate due to a valid forum selection clause, dismissal may only be accomplished after this Court analyzes whether the forum selection clause is valid, and thereafter only if the public interest factors relevant to the doctrine of *forum non conveniens* weigh in favor of enforcing the clause. *Lu v. SAP Am., Inc.*, No. 22-1253, 2022 WL 13983546, at *6 (6th Cir. Oct. 24, 2022); *Alt. Marine Const. Co.*, 571 U.S. at 64. It is therefore in the interest of judicial economy for this Court to determine whether venue is improper as a matter of law under 28 U.S.C. § 1391 before turning to the issue of the forum selection clause in WBA's bylaws.

Rule 12(b)(3) permits a party to move for dismissal due to "improper venue." 28 U.S.C. § 1391(b) explains that "proper venue" can be found in one of three places:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which any action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Title 28 U.S.C. § 1406(a) then provides that, when venue is improper or "wrong," the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *Atl. Marine Const. Co., Inc.*, 571 U.S. at

3

55 (holding that dismissal is appropriate when venue is either "improper" or "wrong," as referred to in Rule 12(b)(3) and 28 U.S.C. § 1406(a), respectively). If the case does not fall within one of the three subsections of § 1391(b), then "venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Id.* at 56.

### III. DISCUSSION

The parties' arguments focus on whether a "substantial part of the events or omissions giving rise to the claim" happened in the Northern District of Ohio. 28 U.S.C. 1391(b)(2). Defendants claim that venue is improper in the Northern District of Ohio because the events giving rise to the Complaint—the decisions and statements made by the Board—all occurred at WBA's headquarters in Deerfield, Illinois, where the Board meets and conducts its activities. (ECF No. 10-1, PageID# 103; *see* ECF No. 1, PageID# 6, ¶ 18 (identifying Deerfield, Illinois as WBA's corporate headquarters)).

The Trust argues that the "injury" portion of their breach of fiduciary duty claim happened in this district, because this is the district in which WBA received a judgment against it for $650 million for its contribution to the opioid epidemic. (ECF No. 13, PageID# 177). The Trust also claims that this action "arises out of the same factual nexus as the hundreds of actions which give rise to the MDL." (*Id.* at PageID# 175). Defendants respond that this case is about Defendants' alleged failures "to adequately oversee [WBA's] management of risks relating to opioid prescriptions" and purported "false or misleading [proxy] statements about the Board's oversight of those risks," which are separate and distinct from the Opioid MDL. (ECF No. 10-1, PageID# 103). Defendants also argue that suffering economic harm in a judicial district, standing alone, is not enough to render venue proper in that district. (ECF No. 14, PageID# 189).

Venue under 28 U.S.C. § 1391(b)(2) does not require that the district in which the case is filed be the "best" venue; rather, the district merely requires "a 'substantial' connection to plaintiffs' claims, even if other districts have greater contacts." *Int'l Paper Co. v. Goldschmidt*, 872 F. Supp. 2d 624, 633 (S.D. Ohio 2012) (quoting *Alltech, Inc. v. Carter*, No. 5:08-CV-00325, 2010 WL 988987, at *2 (E.D. Ky. Mar. 15, 2010)); *First of Mich. Corp. v. Bramlet*, 141 F.3d 260 (6th Cir. 1998). Substantiality is determined by reviewing "the entire sequence of events underlying the claim." *Id.* at 633–34 (quoting *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004)).

Yet, "acts or omissions must be more than tangentially connected to qualify as 'substantial.'" *Siegel v. Homestore, Inc.*, 255 F. Supp. 2d 451, 455 (E.D. Pa. 2003) (citing *Dollar Discount Stores of Am., Inc. v. Petrusha*, No. 01-384, 2001 WL 881725 (E.D. Pa. Apr. 25, 2001); *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994)). As the Third Circuit explained in *Cottman*, "substantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no relationship to the dispute." 36 F.3d at 294.

Defendants point to *Simon v. Severns Valley Baptist Church, Inc.*, No. 5:21-cv-00929, 2022 WL 3099225, at *1 (N.D. Ohio Aug. 3, 2022), in which this district has held that venue is improper when it is based solely on the location in which the plaintiff's injury occurred. In *Simon*, a video livestream originating in Kentucky depicted the plaintiff's husband making defamatory statements about the plaintiff, who lived in Ohio. The plaintiff sued the defendant-husband and several others in this district, basing venue on the harm she suffered in Ohio and the defendants' purported knowledge that the livestream would harm her there. *Id.* This Court found that, "[w]here all the events took place in Kentucky and the only link to Ohio is Plaintiff's harm, . . . a substantial part of the events did not occur in Ohio." *Id.* at *6.

5

But *Simon* bases its conclusion on the idea that "Congress explicitly removed a plaintiff's residence as a basis for venue in diversity cases in 1990, making the location of a plaintiff's economic harm, without more, insufficient." *Id.* (quoting *Fischell v. Cordis Corp.*, No. 1:15-CV-184, 2016 WL 8467615, at *2 (W.D. Mich. Feb. 19, 2016)).  This rationale makes little sense here, because the Trust resides in Cook County, Illinois.  (ECF No. 1-2, PageID# 60).  Indeed, since the *Simon* plaintiff's harm was felt in her home state *because* of her residence, *Simon* is distinguishable from this case where the "injury" the Trust cites is a federal court judgment rendered in a district in which the Trust does not reside.  (ECF No. 13, PageID# 177).

This naturally leads to what Defendants call a "deeper flaw" in the Trust's injury theory of venue: injuries to a corporation are felt where the corporation resides—its corporate headquarters. *See, e.g.*, *CMACO Auto. Sys., Inc. v. Wanxiang Am. Corp.*, 589 F.3d 253, 246–47 (6th Cir. 2009) (relying on the principal that a corporation's state of incorporation or principal place of business is where it suffers the economic impact of a breach of contract claim to support its holding concerning the statute of limitations applicable to the plaintiff's claims); *Combs v. Int'l Ins. Co.*, 354 F.3d 568, 587 (6th Cir. 2004) (explaining, in dicta, that financial loss is "ultimately felt at . . . a corporation's headquarters").  Therefore, if WBA suffered an injury as the Trust suggests, that injury was suffered in Illinois at WBA's corporate headquarters.

A textual approach supports this conclusion.  According to Black's Law Dictionary, an "injury" is "[t]he violation of another's legal right, for which the law provides a remedy." *Injury*, *Black's Law Dictionary* (11th ed. 2019).  An injury is also referred to more generically as "harm or damage," and "an actionable invasion of a legally protected interest." *Id.*  "Judgment" is defined differently; a "judgment" is "a court's final determination of the rights and obligations of the parties in a case." *Judgment*, *Black's Law Dictionary* (11th ed. 2019).  Thus, where the term

6

"injury" encompasses the harm suffered by a party for which that party seeks redress, a judgment—here, a judgment eventually causing an injury to WBA—is a mere declaration. That a judgment is not self-executing is proof enough that it does not, alone, inflict harm upon the party against which it is entered. Therefore, the Trust's allegation that WBA suffered an "injury" in this district is factually incorrect.

The Trust alleges that the Director Defendants breached their fiduciary duties owed to WBA, were unjustly enriched by their failures to responsibly oversee WBA, and violated Section 14A of the Securities Act of 1934 when they included materially false and misleading statements in their 2018 and 2019 Proxy Statements. (ECF No. 1, PageID# 54–56). The Trust lists the Opioid MDL judgment as one of three large judgments rendered against WBA, the satisfaction of which will ultimately inflict harm upon WBA and its stockholders. (*Id.* at PageID# 5). The Trust claims that these judgments are products of the acts and omissions of Director Defendants, which the Trust's Complaint meticulously describes as having occurred through corporate actions taken in Deerfield, Illinois. (*Id.* at PageID# 6). The Opioid MDL judgment is not a substantial part of the acts and omissions alleged in the Complaint; in fact, the Complaint only mentions the Opioid MDL judgment in substance once, and does so only to state that it exists. (*Id.* at PageID# 5).[1] In truth, the Opioid MDL judgment connects the Trust's dispute to this district in a more attenuated way than if the Trust, itself, resided in Ohio and felt its effects here; and under *Simon*'s holding, even that would not have been enough to create proper venue.

The Court concludes that venue of this stockholder derivative suit is improper in the Northern District of Ohio because none of the acts or omissions giving rise to the Complaint

---

[1] The Complaint cites to documents and evidentiary materials filed in the Opioid MDL as support for factual allegations concerning the Director Defendants' conduct, but does not allege any additional facts beyond the existence of the Opioid MDL as a connection between this case and Ohio.

occurred here.  As neither party has requested transfer of venue as opposed to dismissal, this Court will exercise its discretion to dismiss rather than transfer this case under 28 U.S.C. § 1406(a).

### IV. CONCLUSION

The 58-page Complaint vividly describes alleged acts and omissions by the Director Defendants occurring at WBA's headquarters in Deerfield, Illinois.  The Opioid MDL does not create venue in this case, as it is largely unrelated to the facts the Trust must prove to recover under the theories of relief it asserts in its Complaint.  Therefore, venue is improper in the Northern District of Ohio, and this action is **DISMISSED WITHOUT PREJUDICE** to its refiling in a proper state or federal court.

**IT IS SO ORDERED.**

**Dated: September 22, 2023**

_____
**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**